UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

----------------------------------------------------x
HOLDEN COMMONS, LLC,

        Plaintiff,

        v.

BIG Y FOODS, INC.,

        Defendant.
----------------------------------------------------x

Civ. A. No. 04-40149 FDS

## COMPLAINT

This is an action to enforce the terms of a permitted use provision in a commercial lease. The landlord, plaintiff Holden Commons, LLC ("Holden Commons"), seeks immediate injunctive relief and a declaration that its tenant, defendant Big Y Foods, Inc. ("Big Y"), may not operate a pharmacy in its supermarket located in Holden, Massachusetts. The lease prohibits Big Y supermarket from changing the use to add a pharmacy because there is a competing business, CVS Pharmacy, located within the same shopping center. CVS has the exclusive right to operate a pharmacy on the leased premises. Notwithstanding the presence of a competing business, Big Y unilaterally started construction and has announced plans to open a pharmacy, in derogation of the plain terms of the lease. Upon learning of Big Y's plan, Holden Commons informed Big Y that it will not consent to Big Y's proposed change in use. Therefore, Holden Commons seeks (1) a judicial determination that Big Y may not, consistent with the terms of the lease, operate a pharmacy on the leased premises, and (2) injunctive relief prohibiting it from doing so.

RECEIPT #
AMOUNT $
SUMMONS ISSUED
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE

## PARTIES

1. Plaintiff Holden Commons, LLC, is an Ohio limited liability company, whose sole member is Midamco, an Ohio limited partnership whose general partners are Mid-America Management Corporation, an Ohio corporation whose principal place of business is located in Cleveland Ohio, and Alan M. Krause, a citizen of Ohio.

2. Defendant Big Y Foods, Inc., is a Massachusetts corporation whose principal place of business is located in Springfield Massachusetts.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this controversy pursuant to 28 U.S.C. § 1332 because the parties are completely diverse and the amount in controversy exceeds $75,000.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

## FACTS COMMON TO ALL COUNTS

5. Big Y entered into the lease with plaintiff's predecessor-in-interest on April 15, 1988 for space to operate a supermarket in Holden Massachusetts. Two subsequent amendments to the lease in 1990 and 2002 expanded the square footage, adjusted the rent, and extended the term, which currently runs through March 31, 2013. The basic terms of the original lease have otherwise remained unchanged. A complete and accurate copy of the lease, as amended, is attached hereto as Exhibit A (the "Big Y Lease"). Interpretation of the Big Y Lease is governed by Massachusetts law. (Big Y Lease § 34(d), Ex. A at 53.)

6. Five months before the Big Y Lease was executed, the Massachusetts Legislature amended the statute that regulates the retail sale of prescription drugs to allow supermarkets to obtain permits to operate pharmacies in the Commonwealth. Stat. 1987, c. 465, § 22 (Nov. 3, 1987), amending Mass. Gen. L. c. 112, §§ 38, 39. Prior to that time, "retail food store pharmacy departments" like the one proposed by Big Y could not operate pharmacies in the Commonwealth because they could not be licensed to dispense prescription drugs.

The Big Y Lease

7. The Big Y Lease contains a Use provision whereby Big Y agreed "to use the premises for the initial purpose of operating a store commonly known as a supermarket selling merchandise customarily carried in supermarkets." (Lease § 5, Ex. A at 13.) On information and belief, it was not customary at the time for supermarkets to sell prescription drugs because until five months earlier, it had been unlawful for supermarkets to do so.

8. That the permitted use allowed under the Big Y Lease did not include the operation of a pharmacy is further evidenced by Big Y's own exclusivity clause. That provision carves out a five mile radius around the shopping center in which the landlord may not lease to a competing grocer who sells "groceries, meat, fish, fruits, vegetables, food products and food supplies of any kind, at wholesale or retail or for off premises consumption . . . ." (Big Y Lease § 6, Ex. A at 15.) But that clause specifically excludes "the normal drug store." (Id.) That is, the Big Y Lease expressly allows drug stores like CVS to operate within the five mile radius.

9. The Big Y Lease allows Big Y "to change the use of the premises, for any lawful purpose provided that at the time of such change in use there is not then a competing business located within the Shopping Center and further provided that it obtains the consent of Lessor, which consent shall not be unreasonably withheld or delayed." (Lease § 5, Ex. A at 14.)

10. The Big Y Lease thus contains two conditions precedent to any change in use: (1) that there is not then a competing business located within the shopping center; and (2) that Big Y obtain the landlord's consent to the new use, which cannot unreasonably be withheld.

CVS Is A Competing Business

11. The Big Y Lease required a chain pharmacy like CVS to operate in the shopping center before it began operations: "Lessee shall not be required to open for business . . . until such time as Lessor has executed [a] lease[] for . . . a drugstore with a pharmacy being operated by a regional major chain." (Big Y Lease § 2(b), Ex. A at 4.)

12. On August 3, 1988, four months after entering into the Big Y Lease, plaintiff's predecessor entered into a lease with Holden Common CVS, Inc. (the "CVS Lease," pertinent portions of which are attached hereto as Ex. B). The CVS Lease, which currently runs through January 2010, gives CVS the exclusive right to operate a pharmacy in the Holden Commons shopping center: "The Landlord covenants and agrees that, throughout the term of this Lease and any renewal thereof, it will not lease any space in the Shopping Center . . . or permit the use or occupancy of any such space, for a health and beauty aid store, a drug store, and/or a pharmacy prescription department, except the

4

premises hereby demised." (CVS Lease § 31, Ex. B at 17.) The breach of this covenant is cause for termination of the lease or a 50% abatement of the rent. (Id.)

13. CVS sells prescription drugs. The change in use proposed by Big Y would add to its supermarket operations a pharmacy that sells prescription drugs. That change would make Big Y a competing business regardless of the percentage of its business generated by pharmaceutical sales.

Consent Was Not Unreasonably Withheld

14. After Big Y unilaterally started construction and announced plans to open the pharmacy, Holden Commons informed Big Y that it would not consent to Big Y's proposed change in use. (Ex. C hereto.)

15. The withholding of consent was not unreasonable because, as landlord in the CVS Lease, Holden Commons is contractually obligated not to lease or permit the use or occupancy of a competing pharmacy in the shopping center. (CVS Lease § 31, Ex. B at 17.) Further, the withholding of consent could not have been unreasonable because section 5 of the Big Y lease forbids a change in use if there is "a competing business located within the Shopping Center." (Lease § 5, Ex. A at 14.)

16. Notwithstanding the presence of the competing CVS, and the lack of consent, Big Y intends to open a pharmacy. (Ex. D hereto.)

COUNT I
(Declaratory Judgment)

17. Plaintiff repeats and incorporates by reference the allegations contained in paragraphs 1 through 16 of this Complaint as though fully set forth herein.

18. Pursuant to 28 U.S.C. § 2201(a) and Mass. Gen. L. c. 231A, Holden Commons is entitled to a declaration of the respective rights and obligations of the parties

under the Big Y Lease. There is an actual controversy between the parties over whether Big Y may open a pharmacy consistent with the terms of its lease.

19. To resolve this controversy, the parties require a judicial determination of the disputed terms of the Big Y Lease and a declaration that Big Y may not operate a pharmacy on the leased premises.

## COUNT II
(Breach of Contract)

20. Plaintiff repeats and incorporates by reference the allegations contained in paragraphs 1 through 19 of this Complaint as though fully set forth herein.

21. The Big Y Lease is a commercial lease agreement between sophisticated parties that was the product of arms-length bargaining and supported by adequate consideration, which resulted in a mutually binding contract.

22. Holden Commons succeeded to the interest of Landlord under the Big Y Lease and has performed all obligations thereunder in accordance with its terms.

23. In flagrant disregard of the plain terms of its lease, Big Y intends to change its use in a manner that competes with an existing tenant in the shopping center, a change in use to which Holden Commons will not consent.

24. As a direct and proximate result of Big Y's breach of the lease, Holden Commons has suffered irreparable harm.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests the following relief:

(a) Preliminary injunctive relief enjoining Big Y from selling prescription drugs on the leased premises;

(b) A permanent injunction, following trial on the merits, enjoining Big Y from selling prescription drugs on the leased premises;

(c) A declaration that Big Y may not, consistent with the terms of its lease, change the existing use of the premises to include the operation of a pharmacy;

(d) An award of attorney's fees and costs; and

(e) Such other and further relief as the Court deems just and proper.

Respectfully submitted,

HOLDEN COMMONS, LLC
By its attorneys,

_____
Rudolph F. Pierce (BBO #399380)
Dennis A. Murphy (BBO #645168)
GOULSTON & STORRS, P.C.
400 Atlantic Avenue
Boston, Massachusetts 02110
(617) 482-1776

Dated: August 3, 2004

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
Holden Commons, LLC

**(b)** County of Residence of First Listed Plaintiff **Cuyahoga, Ohio**
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Dennis A. Murphy & Rudolph F. Pierce
Goulston & Storrs    617-482-1776
400 Atlantic Avenue, Boston, MA 02110

### DEFENDANTS
Big Y. Foods, Inc.

County of Residence of First Listed
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)
David A. Shrair
Cooley, Shrair, P.C.
1380 Main Street, Springfield, MA 01103

**04-40149**

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug |  | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument |  |  |  | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck |  | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 810 Selective Service |
|  | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 840 Trademark | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability |  |  | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
|  |  | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** |  | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** |  |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land |  | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation |  |  |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act |  | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights |  | ☐ 871 IRS – Third Party 26 USC 7609 |  |
|  |  | ☐ 555 Prison Condition |  |  |  |

### V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Breach of Contract & Declaratory Judgment Act, 28 U.S.C. sec. 2201 (a)

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

### VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE                                          DOCKET NUMBER

DATE 8/3/04           SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Holden Commons, LLC v. Big Y Foods, Inc.__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐ I. 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ☐ II. 195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.  *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

   ☒ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

   ☐ IV. 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

   ☐ V. 150, 152, 153.

   04-40149

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐  NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☐  NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐  NO ☒

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐  NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☒  NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division ☐   Central Division ☒   Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division ☐   Central Division ☐   Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ☐  NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Dennis A. Murphy, Esq.__
ADDRESS __Goulston & Storrs, 400 Atlantic Avenue, Boston, MA 02110__
TELEPHONE NO. __617-574-6538__

(Coversheetlocal.wpd - 10/17/02)