UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 4:04CV-40149

| | |
|---|---|
| HOLDEN COMMONS, LLC., <br> Plaintiff <br><br> vs. <br><br> BIG Y FOODS, INC., <br> Defendant | DEFENDANT'S ANSWER <br> TO COMPLAINT |

## PARTIES

1. Big Y is without information sufficient to admit or deny the allegations set forth in Paragraph 1.

2. Big Y admits the allegations set forth in Paragraph 2 and further states that its agent for service of process is Cooley, Shrair P.C.

## JURISDICTION AND VENUE

3. Big Y is without information sufficient to admit or deny the allegations set forth in Paragraph 3.

4. Big Y is without information sufficient to admit or deny the allegations set forth in Paragraph 4.

5. In response to the allegations set forth in Paragraph 5, Big Y admits the first sentence thereof and further states that the Lease and its amendments speak for themselves.

## FACTS COMMON TO ALL COUNTS

6. Big Y is without information sufficient to admit or deny the allegations set forth in Paragraph 6.

7. In response to the allegations set forth in Paragraph 7, Big Y states the Lease speaks for itself and denies the second sentence of Paragraph 7.

8. In response to the allegations set forth in Paragraph 8, Big Y denies the first sentence of Paragraph 8 and states the Lease speaks for itself.

9. In response to the allegations set forth in Paragraph 9, Big Y states the Lease speaks for itself.

10. In response to the allegations set forth in Paragraph 10, Big Y states the Lease speaks for itself.

11. In response to the allegations set forth in Paragraph 11, Big Y states the Lease speaks for itself.

12. Big Y is without information sufficient to admit or deny the allegations set forth in Paragraph 12.

13. In response to the allegations set forth in Paragraph 13, Big Y is without information sufficient to admit or deny the allegations set forth in the first sentence and denies the remaining allegations set forth in Paragraph 13.

14. In response to the allegations set forth in Paragraph 14, Big Y states that Exhibit C speaks for itself.

15. Big Y denies the allegations set forth in Paragraph 15.

16. In response to the allegations set forth in Paragraph 16, Big Y admits it intends to open a pharmacy at its Holden supermarket and denies the remaining allegations set forth in Paragraph 16.

## COUNT I – DECLARATORY JUDGEMENT

17. No answer is necessary.

18. Big Y denies the allegations set forth in Paragraph 18.

19. Big Y denies the allegations set forth in Paragraph 19.

WHEREFORE, Big Y requests Count I of the Plaintiff's Complaint be dismissed, together with such further relief as this Court deems just and proper.

## COUNT II – BREACH OF CONTRACT

20. No answer is necessary.

21. Big Y admits the allegation set forth in paragraph 21.

22. Big Y is without information sufficient to admit or deny the allegations set forth in Paragraph 22.

23. Big Y denies the allegations set forth in Paragraph 23.

24. Big Y denies the allegations set forth in Paragraph 24.

WHEREFORE, Big Y requests Count II of the Plaintiff's Complaint be dismissed, together with such further relief as this Court deems just and proper.

### First Affirmative Defense

Plaintiff's Complaint should be dismissed for lack of diversity jurisdiction.

### Second Affirmative Defense

Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief may be granted.

### Third Affirmative Defense

Plaintiff's Complaint should be dismissed by virtue of its own actions.

### Fourth Affirmative Defense

Plaintiff's Complaint should be dismissed whereas Defendant, Big Y, has at all times hereto acted in a commercially reasonable manner.

### Fifth Affirmative Defense

Plaintiff's Complaint should be dismissed whereas any injury Plaintiff alleges to have suffered was caused by the acts of third parties over whom Defendant, Big Y, had no control.

### Sixth Affirmative Defense

Plaintiff's Complaint should be dismissed by virtue of the applicable Statute of Limitations.

### Seventh Affirmative Defense

Plaintiff's Complaint should be dismissed by virtue of the Statute of Frauds.

DEFENDANT, BIG Y FOODS, INC., DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

THE DEFENDANT,<br>
BIG Y FOODS, INC.

Dated: 8/24/04

By: _____
MARK D MASON, ESQ.
COOLEY, SHRAIR P.C.
1380 Main Street
Springfield, MA 01103
Tel (413) 735-8040
Fax (413) 733-3042
BBO# 544936

## CERTIFICATE OF SERVICE

I, Mark Mason, hereby certify a copy of the foregoing Answer of Defendant, Big Y Foods, Inc., has been mailed, postage pre-paid, this 24th day of August, 2004 to: Dennis A. Murphy, Esq., Goulston & Storrs, P.C., 400 Atlantic Avenue, Boston, Massachusetts 02110

Dated: 8/24/04

_____
MARK D MASON, ESQ.

4163.223/65895

4